

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
11/13/2018

| | | |
|---|---|---|
| In re: | § | Case No. 18-32391 |
| | § | |
| Mossy Metals, LLC. | § | Chapter 11 |
| | § | |
| Debtor | § | |

**STIPULATION AND ORDER (A) AUTHORIZING
DEBTOR'S INTERIM USE OF CASH COLLATERAL,
(B) PROVIDING ADEQUATE PROTECTION, AND
(C) GRANTING RELATED RELIEF**

This stipulation and consent order (the "**Stipulation**") is made as of November 9, 2018 by and between Mossy Metals, LLC, debtor and debtor-in-possession (the "**Debtor**") and Colonial Funding Network, Inc. as servicing agent for First U.S. Funding ("**Colonial**", and together with the Debtor, the "**Parties**").

## RECITALS

A.  On May 2, 2018 (the "**Petition Date**") the Debtor filed with this Court a voluntary petition for relief under chapter 11 of title 11, United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"). Pursuant to Bankruptcy Code §§ 1107 and 1108, the Debtor has retained possession of its assets and continued the operation and management of its business.

B.  No trustee, examiner or statutory committee of unsecured creditors (a "**Creditors Committee**") has been appointed in this case pursuant to Bankruptcy Code § 1102.

C.  This Court has jurisdiction over these proceedings and over the persons and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

D.  As of the Petition Date, the Debtor and Colonial were parties to certain Revenue

Based Factoring RBF/ACH Agreements dated January 17, 2017 and February 14, 2017 ("**RBF Agreements**") pursuant to which Colonial provided $75,000 for the purchase of $102,750.00 in receivables of the Debtor. As of the Petition Date, the Debtor owes Colonial the amount of $95,141.70 which includes the following: principal $82,840 plus contractual default fees of $5,000 plus ACH fees of $1,819.00 plus interest at six percent (6%) from April 26, 2017 to May 2, 2018 of $5,482.70.

E. Colonial also asserts an ownership interest in the receivables per the RBF Agreements. The Debtor's obligations under the RBF Agreement were collateralized by among other things Security Agreements and Guaranties by and between Debtor, Colonial, and Jessica Kutzke, as guarantor, dated January 17, 2017 and February 14, 2017 (the "**Security and Guaranty Agreements**"); UCC-1 Financing Statement filed on October 25, 2016 with the Texas Secretary of State (the "**UCC-1**" and together with the RBF Agreements and the Security and Guaranty Agreements, the **"Existing Agreements"**).

F. The Debtor admits, stipulates and agrees that, as of the Petition Date, the Debtor was indebted to Colonial in the amount of $95,141.70 which includes the following: principal $82,840 plus contractual default fees of $5,000 plus ACH fees of $1,819.00 plus interest at six percent (6%) from April 26, 2017 to May 2, 2018 of $5,482.70 (the "**Pre-Petition Debt**").

G. The Debtor admits, stipulates and agrees that the Pre-Petition Debt is secured by a first priority, valid, binding, perfected and enforceable liens and security interests (the "**Pre-Petition Liens**") granted by the Debtor on all of the Debtor's property including all accounts, chattel paper, cash (whether under the control of the Debtor or any third party), deposit accounts, documents, equipment, general intangibles, instruments, inventory and investment property, whether obtained prior to, on or after the Petition Date (the "**Pre-Petition Collateral**").

H. The Debtor agrees and acknowledges that as of the Petition Date, there were no offsets, defenses, challenges, claims, or counterclaims of any kind or nature to any portion of the Pre-Petition Debt, and no portion of the Pre-Petition Debt is subject to avoidance, recharacterization, or subordination (contractual, equitable or otherwise) pursuant to the Bankruptcy Code or applicable non-bankruptcy law.

I. The Debtor agrees and acknowledges that all of, *inter alia*, the receivables and cash proceeds generated from the operation of the Debtor's business, and the Debtor's inventory, constitutes income, proceeds, products, rents, and/or profits of the Pre-Petition Collateral and constitutes "cash collateral" within the meaning of Bankruptcy Code § 363(a) (collectively, the "**Cash Collateral**").

J. The Debtor and Colonial further agree that Colonial has a first priority perfected lien and security interest in the Cash Collateral in accordance with Bankruptcy Code §§ 361, 363(a) and 552(b).

K. Pursuant to Bankruptcy Code § 363(c)(3), the Debtor requires the consent of the Colonial or an Order of the Bankruptcy Court to use the Cash Collateral.

L. The Debtor cannot meet its ordinary operating expenses or maintain and preserve its business as a going concern business without the use of the Cash Collateral.

M. The Debtor reasonably believes that the value of Debtor's estate will be maximized by the continuation of Debtor as a going concern business, and the use of Cash Collateral is essential to the continuation of operations.

N. Colonial is entitled to receive certain adequate protection in respect of the Debtor's use of the Pre-Petition Collateral to compensate for any decline in the value thereof resulting from (a) the use of the Cash Collateral, and (b) the use, sale, lease, or depreciation or

other diminution in value of the Pre-Petition Collateral (the amount of any such diminution being referred to hereinafter as the "**Adequate Protection Obligations**").

O.  The terms for the Debtor's use of Cash Collateral have been negotiated in good faith and at arm's length, and reflect the Debtor's exercise of prudent business judgment.

**NOW, THEREFORE,** in consideration of their covenants and mutual promises, the Parties hereby stipulate and agree as follows:

### STIPULATION

1. Incorporation of Recitals. The foregoing recitals are hereby incorporated by this reference and made a part of this Stipulation.

2. Effectiveness of Stipulation. This Stipulation shall be immediately effective upon entry by the Bankruptcy Court of an Order approving the same retroactive to the Petition Date.

3. Authorization to Use Cash Collateral. Subject to the terms and conditions of this Stipulation, pursuant to Bankruptcy Code § 363(c)(2), the Debtor is authorized to use the Cash Collateral during the period from the Petition Date through January 31, 2019 subject to Colonial's right to seek an earlier termination if the Debtor does not comply with the terms of this Stipulation.  The Debtor shall maintain the Cash Collateral in the same level that existed prepetition and not allow Cash Collateral to diminish.

4. Adequate Protection Payments. As adequate protection for the Debtor's use of Cash Collateral, on or before the first (1st) day of each month, the Debtor shall pay to Colonial the regular monthly payment of $1,000 commencing on November 1, 2018 and payable only upon approval of this Stipulation.  These payments shall continue on the first of the month thereafter until the earlier of (i) confirmation of a chapter 11 plan, and (ii) January 31, 2019. These adequate protection payments shall be applied to the Debtor's obligations to Colonial in

accordance with the Existing Agreements. All payments by Debtor to Colonial shall be remitted via ACH payment. The Debtor shall provide Colonial with a voided check and written authorization allowing Colonial to ACH debit from the account set forth on the voided check in accordance with the payment schedule set forth herein and with respect to any future adequate protection payments to which Colonial and Debtor may agree and approved by this Court.

5. <u>Adequate Protection Liens</u>. As adequate protection for any diminution in value of the Colonial's interests in the Pre-Petition Collateral, and to the extent that the Cash Collateral is utilized by the Debtor, for the purposes of providing adequate protection within the meaning of Bankruptcy Code §§ 361 and 363, Colonial is hereby granted (effective and perfected as of the Petition Date and without the necessity of the execution, recording or filing of mortgages, security agreements, pledge agreements, financing statements, deposit account agreements, or other documents) valid and perfected replacement security interests in, and liens on (the "**Adequate Protection Liens**"), the same type of post-petition assets in which Colonial held valid and perfected liens prior to the Petition Date (the "**Collateral**") to the same extent, validity and priority as existed on the Pre-Petition Collateral. The Adequate Protection Liens shall constitute perfected liens on all of the Collateral as to which Colonial held a valid and perfected lien as of the Petition Date to the same extent, validity and priority as existed on the Pre-Petition Collateral. Colonial's liens against the Collateral shall extend to any account holding such Collateral, regardless of whether Colonial has control over such account, and encumbers any Collateral held in debtor-in-possession accounts required by applicable law.

6. <u>Extent of Adequate Protection Liens</u>. The Adequate Protection Liens shall be enforceable against the Debtor, its estate and any successors thereto, including without limitation, any trustee or other estate representative appointed in this case, or any case under

chapter 7 of the Bankruptcy Code upon the conversion or dismissal of this chapter 11 case, or in any other proceedings superseding or related to any of the foregoing (collectively, the "**Successor Case**") to the same extent, validity and priority as existed on the Pre-Petition Collateral.  Except as provided herein, the Pre-Petition Liens and Adequate Protection Liens shall not be made subject to or *pari passu* with any lien or security interest hereafter granted in this case or any Successor Case, and shall be valid and enforceable upon the dismissal of this case or any Successor Case, to the same extent, validity and priority as existed on the Pre-Petition Collateral.  The Adequate Protection Liens shall not be subject to Bankruptcy Code §§ 510, 549 or 550. No lien or interest avoided and preserved for the benefit of the estate pursuant to Bankruptcy Code § 551 shall be made *pari passu* with or senior to the Pre-Petition Liens or Adequate Protection Liens.  The Adequate Protection Liens shall extend to the proceeds of avoidance actions under chapter 5 of the Bankruptcy Code.

7.      Perfection of Adequate Protection Liens. This Stipulation shall be sufficient and conclusive evidence of the validity, perfection, and priority of the Adequate Protection Liens, without the necessity of filing or recording any mortgage, financing statement or other instrument or document which may otherwise be required under the law or regulation of any jurisdiction or the taking of any other action to validate or perfect (in accordance with applicable law) the Adequate Protection Liens, or to effect the priorities acknowledged and/or granted herein. The Debtor is authorized and directed to execute and deliver promptly to Colonial any such mortgage, financing statement or other instrument or document as Colonial may reasonably request. Colonial may file photocopies of this Stipulation as a financing statement or mortgage with any filing or recording office or with any registry of deeds or similar office, in addition to or in lieu of such financing statement, notices of lien, mortgage or similar instrument.

8. <u>Rights Preserved</u>. This Stipulation shall not be construed in any way as a waiver or relinquishment of any rights that the Debtor or Colonial may have under the Existing Documents or at law. Notwithstanding anything herein to the contrary, the entry of this Stipulation is without prejudice to, and does not constitute a waiver of, expressly or implicitly: (a) Colonial's right to seek any other or supplemental relief in respect of the Debtor, including the right to seek additional adequate protection or restriction on Cash Collateral (without prejudice to any other person's right to object to or otherwise oppose such additional adequate protection or restriction on Cash Collateral); (b) Colonial's right to object to impermissible use of Cash Collateral; (c) Colonial's agreement, consent, or acquiescence to the terms of any plan of reorganization by virtue of any term or provision of this order; (d) Colonial's right to assert any other rights, remedies, or defenses available to Colonial to respond to any motion, application, proposal, or other action, all such rights, remedies, defenses, and opportunities to respond being specifically reserved by Colonial or (e) any of the rights or remedies of Colonial under the Bankruptcy Code or under non-bankruptcy law, including, without limitation, the right to (i) request modification of the automatic stay of Bankruptcy Code § 362, and (ii) request dismissal or conversion of this chapter 11 case. Nothing herein contained shall prejudice the right of Colonial to seek modification, extension, or termination of this order.

9. <u>No Admission</u>: Neither this Stipulation, nor Colonial's consent to the entry of this stipulated order shall constitute an admission by Colonial that the protection to Colonial is adequate. Further, neither entry of this Order, nor consent to this Order shall constitute an agreement by Colonial to the treatment of Colonial's claim under any plan of reorganization.

10. <u>Additional Documents</u>: The Debtor shall promptly provide to Colonial such additional or other financial information as Colonial may reasonably request from time to time.

11. <u>Binding Effect of Stipulation</u>. Immediately upon entry by this Court (notwithstanding any applicable law or rule to the contrary), the terms and provisions of this Stipulation shall become valid and binding upon the Debtor, Colonial, all other creditors of the Debtor, any committee appointed in this chapter 11 case, and all other parties in interest and their respective successors and assigns, including any trustee or other fiduciary hereafter appointed in this chapter 11 case, any chapter 7 case, or upon dismissal of this chapter 11 case or any chapter 7 case. In the event of any inconsistency between the provisions of this Stipulation and any other order relating to the Debtor's use of cash collateral in this case, the provisions of this Stipulation shall govern and control.

12. <u>Modification, Amendment or Vacatur of Stipulation</u>. In the event any or all of the provisions of this Stipulation are hereafter modified, amended or vacated by a subsequent order of this Court or any other court, such modification, amendment or vacatur shall not affect the validity, perfection, priority, allowance, enforceability or non-availability of any advances, payments or use of Cash Collateral whether previously or hereunder, or lien, claim or priority authorized or created hereby. Any liens or claims granted to Colonial hereunder arising prior to the effective date of any such modification, amendment or vacatur of this Stipulation shall be governed in all respects by the original provisions of this Stipulation, including entitlement to all rights, remedies, privileges and benefits granted herein.

13. <u>Survival</u>. The provisions of this Stipulation and any actions taken pursuant hereto shall survive entry of any order that may be entered: (a) confirming any chapter 11 plan in this case; (b) converting this chapter 11 case to a case under chapter 7 of the Bankruptcy Code; (c) dismissing this chapter 11 case; (d) the appointment of a chapter 11 trustee or examiner; or (e) pursuant to which this Court abstains from hearing this chapter 11 case. The terms and

provisions of this Stipulation, including the claims, liens, security interests and other protections granted pursuant to this Stipulation, notwithstanding the entry of any such order, shall continue and shall maintain the same extent, validity and priority as provided by this Stipulation.

14. <u>Retention of Jurisdiction</u>. The Court has and will retain jurisdiction to enforce this Stipulation according to its terms.

15. <u>Counterparts</u>. This Stipulation may be executed in counterparts, all of which taken together shall constitute one and the same instrument. The Parties may execute this Stipulation by signing any such counterpart and delivering such counterpart by facsimile, electronically or otherwise.

16. <u>Authorization</u>. Each of the undersigned represents and warrants that it has full and requisite power and authority to execute and deliver this Stipulation. The Parties are authorized, empowered and directed to execute and deliver all other agreements, instruments and documents and take any and all other actions in order to effectuate this Stipulation.

[Reminder of Page Intentionally Left Blank]

Signed: November 13, 2018

_____
Eduardo V. Rodriguez
United States Bankruptcy Judge

Dated: November 9, 2018

| COUNSEL TO THE DEBTOR | COUNSEL TO COLONIAL FUNDING NETWORK, INC. |
|---|---|
| */s/ Margaret Maxwell McClure* | */s/ Charles M. Rubio* |
| Margaret Maxwell McClure | Charles M. Rubio |
| Attorney at Law | Diamond McCarthy LLP |
| 909 Fannin, Suite 3810 | 909 Fannin, Suite 3700 |
| Houston, TX 77010 | Houston, TX 77010 |
| 713-659-1333 | (713) 333-5100 |
| Fax : 713-658-0334 | crubio@diamondmccarthy.com |
| margaret@mmmcclurelaw.com | |