

**UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

ENTERED
12/11/2018

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MOSSY METALS, LLC | § | Bankruptcy Case 18-32391 |
| | § | |
| DEBTOR | § | |

## ORDER CONFIRMING DEBTOR'S
## PLAN OF REORGANIZATION

Came on for consideration the Debtor's Plan of Reorganization pursuant to 11 U.S.C. § 1129(a) and 1129(b). After hearing evidence, the Court finds as follows:

1. The Disclosure Statement, the Plan, and a ballot for accepting or rejecting the Plan, have been transmitted to all creditors and parties in interest.

2. Notice of the hearing on confirmation of the Plan has been given in accordance with Title 11, United States Code, the Order of the Court and the Federal and Local Rules of Bankruptcy Procedure.

3. The Disclosure Statement and the Plan comply with all applicable provisions of the Bankruptcy Code and applicable Bankruptcy Rules relating to confirmation. It is therefore

ORDERED and ADJUDGED that:

1. The Disclosure Statement is APPROVED.

2. The Plan, which is set out as Exhibit "A" hereto is hereby CONFIRMED under 11 U.S.C. §§ 1129(a).

3. In accordance with Section 1142 of the United States Bankruptcy Code, the Debtor is authorized and directed, without the necessity of any further approval, to immediately take any action necessary or appropriate to implement, effectuate, and consummate the Plan and any transactions contemplated thereby or by this Order in accordance with their respective terms.

4. Reorganized Debtor shall timely pay post-confirmation quarterly fees assessed pursuant to 28 U.S.C. § 1930(a)(6) until such time as this Bankruptcy Court enters a final decree closing this Chapter 11 case, or enters an order either converting the case to a case under Chapter 7

or dismissing this case. After confirmation, Reorganized Debtor shall file with the Bankruptcy Court and shall serve on the United States Trustee a financial report for each quarter, or portion thereof, that this Chapter 11 case remains open in a format prescribed by the United States Trustee.

Signed: December 11, 2018

_____
Eduardo V. Rodriguez
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE:                                            §
                                                  §
MOSSY METALS, LLC                                 §        CASE NO. 18-32391-H3-11
                                                  §
                                                  §

# DEBTOR'S PLAN OF REORGANIZATION

## ARTICLE I

## SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of MOSSY METALS, LLC ("Debtor") from future income. This Plan provides for classes of secured creditors, priority creditors, equity interest holders and unsecured creditors. This Plan also provides for the payment of administrative claims. All creditors should refer to the provisions of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. If you do not have an attorney, you may wish to consult one.**

## ARTICLE II

## CLASSIFICATION OF CLAIMS AND INTERESTS

1.   *Administrative Expenses*

Administrative expenses are costs or expenses of administering the Debtor's chapter 11 case which are allowed under § 507(a)(2) of the Code. Administrative expenses also include the value of any goods sold to the Debtor in the ordinary course of business and received within 20 days before the date of the bankruptcy petition. The Code requires that all administrative expenses be paid on the effective date of the Plan unless a particular claimant agrees to a different treatment. The following chart lists the Debtor's estimated administrative expenses, and their proposed treatment under the Plan:

**Margaret M. McClure** – Ms. McClure holds a retainer balance in the amount of $25,000.00 and estimates fees and expenses in the amount of $30,000.

**U.S. Trustee** – fees are current and will stay current until this case is closed.

2. *Priority Unsecured Tax Claims*

The Debtor owes pre-petition wages to Melissa Hawkins in the amount of $11,851.88. She will be paid in full, plus 4% interest in sixty monthly payments of $218.00 per month with the first monthly payment being due and payable on the 15th day of the first calendar month following 60 days after the effective date of the plan.

3. *Secured Claims*

Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to set-off) to the extent allowed as secured claims under § 506 of the Code. If the value of the collateral or setoffs securing the creditor's claim is less than the amount of the creditor's allowed claim the deficiency will be classified as a general unsecured claim. The following chart lists all classes containing Debtor's secured pre-petition claims and the proposed treatment under the Plan:

**Harris County, et al.** – This creditor is owed $1,309.48 for ad valorem taxes. It will be paid in full pursuant to the requirements of the United States Bankruptcy Code or in 60 months if this creditor agrees, with the first monthly payment being due and payable on the 15th day of the 1st calendar month following 60 days after the Effective Date of the Plan. It will be paid the applicable non-bankruptcy rate of interest as provided under 11 U.S.C. 511. The monthly payment will be approximately $29.00. This creditor shall retain all liens it currently holds, whether for pre-petition tax years or for the current tax year, on any real property of the Debtor until it receives payment in full of all taxes and interest owed to it under the provisions of this Plan, and its lien position shall not be diminished or primed by any Exit Financing approved by the Court in conjunction with the confirmation of this Plan.

**Cypress Fairbanks ISD** – This creditor is owed $2,369.74 for ad valorem taxes. It will be paid in full pursuant to the requirements of the United States Bankruptcy Code with the first monthly payment being due and payable on the 15th day of the 1st calendar month following 60 days after the Effective Date of the Plan. It will be paid the applicable non-bankruptcy rate of interest as provided under 11 U.S.C. 511. The monthly payment will be approximately $62.00. This creditor shall retain all liens it currently holds, whether for pre-petition tax years or for the current tax year, on any real property of the Debtor until it receives payment in full of all taxes and interest owed to it under the provisions of this Plan, and its lien position shall not be diminished or primed by any Exit Financing approved by the Court in conjunction with the confirmation of this Plan.

**Texas Workforce Commission** – This creditor is owed $1,647.94 for ad valorem taxes. It will be paid in full pursuant to the requirements of the United States Bankruptcy Code with the first monthly payment being due and payable on the 15th day of the 1st calendar month following 60 days after the Effective Date of the Plan. It will be paid the applicable non-bankruptcy rate of interest as provided under 11 U.S.C. 511. The monthly payment will be approximately $38.00. This creditor shall retain all liens it currently holds, whether for pre-petition tax years or for the

current tax year, on any real property of the Debtor until it receives payment in full of all taxes and interest owed to it under the provisions of this Plan, and its lien position shall not be diminished or primed by any Exit Financing approved by the Court in conjunction with the confirmation of this Plan.

**Bruce Weaver** – This creditor is owed approximately $6,600.00 for a lien on a 2000 Ford F450 and a 2011 PJ Trailer FS282.  The Debtor will continue making the monthly payments on these vehicles and once this creditor is paid in full, within 30 days this creditor will turn over the titles to the vehicles, free and clear of all liens.

**Colonial Funding Network, Inc.** – This creditor shall have an allowed secured claim in the amount of $95,141.70, and will be paid in full in 60 months, including 6% interest, with the first monthly payment being due and payable on the 15th day of the 1st month following 60 days after the Effective Date of the Plan. The monthly payment will be approximately $1,839.00. On the 15th day of the 60th month, any balance owed this creditor will be paid in full in a single lump sum payment.  This creditor shall retain all liens it currently holds on any personal property of the Debtor, except for liens on the 2000 Ford F450 and 2011 PJ Trailer FS282 until it receives payment in full under the provisions of this Plan.

**These claims are impaired**

        4.     *General Unsecured Claims*

General unsecured claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code.

The allowed general unsecured creditors will be paid as much of what they are owed as possible and will be mailed Mossy Metals, LLC's previous year's financial statement each year for five years, during the term of the five-year Plan, on or about May 1st each year, beginning on May 1, 2020, and thereafter on or about May 1, 2021, May 1, 2022, May 1, 2023, and May 1, 2024.  Each year, if the Reorganized Debtor made a profit, after income taxes, and after making all priority and secured plan payments and normal overhead payments, the Reorganized Debtor shall pay to the allowed unsecured creditors their pro-rata share of 50% of the net profit for the previous year, in twelve monthly payments beginning on September 15th of the year in which the financial statement is mailed to these creditors.  Each year, during the term of the five-year Plan, the Reorganized Debtor will repeat the 12-month payment plan to the allowed unsecured creditors if the Reorganized Debtor made a net profit the previous year as reflected in the previous year's financial statement.  This payout will not exceed five years, and at the end of the five-year Plan term, the remaining balance owed, if any, to the allowed unsecured creditors will be discharged.

        6.     *Insider Claims*

Insiders will not be paid any pre-petition claims during the term of the Plan and their claims will be discharged upon confirmation of the Plan.

        7.     *Equity Interest Holders*

Equity interest holders are parties who hold an ownership interest (i.e., equity interest) in Mossy Metals, LLC.  Jessica Kutzke is the managing member, and William Burroughs and Kenneth Stoll are members.  Each member will retain his/her ownership interest in the LLC.

## ARTICLE III

### ALLOWANCE AND DISALLOWANCE OF CLAIMS

Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

Claim Objections.  The Debtor shall have 60 days from the Effective Date of the Plan to file objections to claims.

Vesting of Property   On the Effective Date, title to all assets and properties dealt with by the Plan shall vest in Reorganized Debtor, free and clear of all claims and interests other than any contractual secured claims granted under any lending agreement, on the condition that Reorganized Debtor complies with the terms of the Plan, including the making of all payments to creditors provided for in such Plan. If Reorganized Debtor defaults in performing under the provisions of this Plan and this case is converted to a case under chapter 7, all property vested in Reorganized Debtor and all subsequently acquired property owned as of or after the conversion date shall re-vest and constitute property of the bankruptcy estate in the converted case.

Default – Any creditor remedies allowed by 11 U.S.C. § 1112(b)(4)(N) shall be preserved to the extent otherwise available at law.  In addition to any rights specifically provided to a claimant treated pursuant to this Plan, a failure by the Reorganized Debtor to make a payment to a creditor pursuant to the terms of this Plan shall be an event of default as to such payments if the payment is not cured within thirty (30) days after mailing written notice of default from such creditor to the Reorganized Debtor. Then the creditor may exercise any and all rights and remedies under applicable non-bankruptcy law to collect such claims or seek such relief as may be appropriate in the United States Bankruptcy Court.

## ARTICLE IV

### PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Assumed Executory Contracts and Unexpired Leases.

The Debtor assumes the following executory contracts and/or unexpired leases effective upon the "effective date of this Plan:" the leasehold space has already been assumed with the Debtor's landlord.  The following leases and/or contracts will also be assumed None.  The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed above, or before the date of the order confirming this Plan, upon the "effective date of this Plan."  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than sixty (60) days after the date of the order confirming this Plan.

## ARTICLE V

## MEANS FOR IMPLEMENTATION OF THE PLAN

This Plan of Reorganization will be funded by the Reorganized Debtor through future business income of the Debtor.  The current management will remain in control.

## ARTICLE VI

## GENERAL PROVISIONS

Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

Effective Date of Plan. The effective date of this Plan is the fifteenth business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Texas govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

Disputed Claims.  All claims that were listed in the schedules as "disputed" required the filing of a proof of claim.  If no proof of claim was timely filed, the claimant will not be paid under this Plan of Reorganization.

<u>Late-Filed Claims.</u>  Any late-filed claims shall not be allowed claims, and shall not be paid under this Plan of Reorganization.

## ARTICLE VII

## **DISCHARGE**

On the confirmation date of this Plan, Mossy Metals, LLC will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

Dated October 25, 2018.

/s/ Margaret M. McClure

Margaret M. McClure, Attorneys for Debtor